UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

GEORGE T. FARRELL
AKA GEORGE FARRELL
1125 Second Avenue South
Tierra Verde, FL 33715,

CHAPTER 7
Case No. 8:07-bk-05406-KRM

    Debtor.

_____/

## THE CHAPTER 7 TRUSTEE'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST THE DEBTOR FOR VIOLATING A BANKRUPTCY COURT ORDER

The Chapter 7 Trustee, Traci K. Stevenson (hereinafter referred to as "Trustee"), by and through her undersigned counsel, and pursuant to 11 U.S.C. § 105, hereby moves for contempt and sanctions against the Debtor for his violation of a bankruptcy court order, and in support states as follows:

### Background Allegations

1. On June 16, 2008, this Court entered an Amended Order on the Trustee's Second Amended Motion to Compel Turnover of Property of the Estate and Request to Revoke Debtor's Discharge (hereinafter referred to as "Order") (Docket No. 107).

2. Per the Order, the Debtor was required to turnover to the Trustee certain real and personal property items (hereinafter referred to as "Assets"), as set forth in the Order, on or before July 16, 2008.

## Basis for Contempt and Sanctions against the Debtor

3. As of the filing date of this Motion, the Debtor has failed to turnover any Assets to the Trustee, pursuant to the Order. As a result, the Debtor is in contempt of court for violation of the terms of the Order.

4. The Trustee is entitled to sanctions against the Debtor for violation of the Order, under section 105(a) of the Bankruptcy Code. Section 105(a) provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). According to the applicable case law, section 105(a) empowers the bankruptcy court to impose monetary sanctions where there has been an abuse of the judicial system. *See*, In re Conrad, 279 B.R. 320, 324 (Bankr. M.D. Fla. 2002); *see also*, In re Iamec Funding, Inc., 236 B.R. 490, 491 (Bankr. M.D. Fla. 1999).

5. Pursuant to the Middle District of Florida in Conrad, 279 B.R. at 324, monetary sanctions can be imposed by the bankruptcy court where there is sufficient evidence to demonstrate an abuse of the judicial system to achieve an improper purpose by the debtor. In Conrad, the debtor's Chapter 13 case was dismissed based on ineligibility for relief under Chapter 13; nevertheless, the Court awarded sanctions in the form of attorneys' fees and costs against the debtor, which the movant had incurred litigating the dismissal of the case, as well as subsequent fees and costs, which the movant had incurred seeking sanctions against the debtor. Conrad, 279 B.R. at 322 and 325-6. Similarly, the Middle District of Florida also imposed monetary sanctions against the debtor in Iamec Funding,

Inc., 236 B.R. at 491, wherein the Court stated that "the abuse of the judicial system to achieve an improper purpose is sanctionable."

6. The Trustee contends that the Debtor's blatant failure to comply with the terms of the Order demonstrates an abuse of the judicial system by the Debtor to achieve an improper purpose, including unnecessary delay and needlessly increasing litigation costs. This is the standard for imposing monetary sanctions as set forth in Conrad, 279 B.R. at 324 and Iamec Funding, Inc., 236 B.R. at 491.

7. As a result of the Debtor's blatant failure to comply with the Order, demonstrating an abuse of the judicial system in order to achieve an improper purpose, the Trustee respectfully requests from this Court an appropriate sanction award against the Debtor, including but not limited to the amount of attorneys' fees and costs incurred by the Trustee, including the Trustee's efforts in obtaining compliance with the Order, and the Trustee's efforts in obtaining said sanctions against the Debtor.

WHEREFORE, the Trustee, Traci K. Stevenson, respectfully requests this Court enter an Order Finding the Debtor in Contempt and Sanctioning the Debtor for his Failure to Comply

with the Order of this Court as set forth herein, and for such other and further relief as this Court deems just and proper.

Dated this 18th day of July, 2008.

IURILLO & ASSOCIATES, P.A.

/s/ Camille J. Iurillo
Camille J. Iurillo, Esquire
Fla. Bar No. 902225
Gina M. Pellegrino
Fla. Bar No. 0022842
600 First Avenue North, Suite 308
St. Petersburg, FL 33701
(727) 895-8050 telephone
(727) 895-8057 facsimile
ciurillo@iurillolaw.com
gpellegrino@iurillolaw.com
Counsel for Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2008, I served a true and correct copy of **THE CHAPTER 7 TRUSTEE'S MOTION FOR CONTEMPT AND SANCTIONS AGAINST THE DEBTOR FOR VIOLATING A BANKRUPTCY COURT ORDER** via CM/ECF electronic notice or regular U.S. Mail upon: George Farrell, 235 Apollo Beach Blvd. # 220, Apollo Beach, FL 33572-2251; **Debtor's Counsel**, Rudolph C. Campbell, Esq., 4203 N. Nebraska Ave., Tampa, FL 33603; **Chapter 7 Trustee**, Traci K. Stevenson, P.O. Box 86690, Madeira Beach, FL 33738; and **United States Trustee**, 501 E. Polk Street, Suite 1200, Tampa, FL 33602.

IURILLO & ASSOCIATES, P.A.

/s/ Camille J. Iurillo
Camille J. Iurillo, Esquire
Fla. Bar No. 902225
Gina M. Pellegrino
Fla. Bar No. 0022842
600 First Avenue North, Suite 308
St. Petersburg, FL 33701
(727) 895-8050 telephone
(727) 895-8057 facsimile
ciurillo@iurillolaw.com
gpellegrino@iurillolaw.com
Counsel for Chapter 7 Trustee