IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE T. FARRELL,                          Case No:  8:07-bk-05406-KRM
                                            Chapter 7
        Debtor.

_____/

TRACI K. STEVENSON,
as Chapter 7 Trustee,
        Plaintiff,

        v.                                  Adv. Proc. No. 8:08-ap-00459-KRM

NICK KOTAICHE,
        Defendant.

_____/

## JOINT MOTION TO APPROVE COMPROMISE OF CONTROVERSY

> **IMPORTANT NOTICE TO CREDITORS AND ALL INTERESTED PARTIES FOR AN OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THIS MOTION WITHOUT FURTHER NOTICE UNLESS A PARTY IN INTEREST FILES AN OBJECTION WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE OF THIS PAPER.  IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE YOUR OBJECTION WITH THE CLERK OF COURT, UNITED STATES COURTHOUSE, 801 N. FLORIDA AVENUE, TAMPA, FL 33602-3899 AND SERVE A COPY ON THE FOLLOWING PARTIES:
>
> 1)    Camille J. Iurillo, Esq. and Gina M. Pellegrino, Esq., Attorneys for Trustee, 600 First Avenue North, Suite 308, St. Petersburg, FL 33701; and
>
> 2)    Thaddeus Freeman, Esq., Attorney for Defendant, Nick Kotaiche, 8150 Cypress Garden Court, Largo, FL 33777.
>
> The objection shall state the reason for the objection and request a hearing.
>
> If you do not file and serve an objection to the Compromise Motion within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the Compromise Motion, will proceed to consider the Compromise Motion without further notice or hearing, and may grant the relief requested.

COME NOW, TRACI K. STEVENSON ("Trustee") AND NICK KOTAICHE ("Defendant") (collectively referred to as "Parties") file this Joint Motion to Approve Compromise of Controversy, by and through their respective undersigned counsel, pursuant to Bankruptcy Rule 9019(a) and Local Rule 2002-4, and request the Court to approve a Compromise of Controversy between the above-mentioned Parties in these proceedings. This compromise or settlement will resolve all counts of Adversary Proceeding No. 8:08-ap-00459-KRM ("Compromise" or "Settlement"). In support of this Joint Motion to Approve Compromise of Controversy, the Parties state as follows:

## BACKGROUND

1.   On June 26, 2007, the Debtor, George T. Farrell ("Debtor"), filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code.

2.   Traci K. Stevenson was appointed as the Chapter 7 Trustee ("Trustee").

3.   Prior to the Debtor's bankruptcy case, on March 29, 2006, the Debtor, individually, and as managing member of Milmarson Development, LLC, as Assignor ("Assignor"), and the Defendant, as Assignee ("Assignee"), executed an Assignment of Interest in Real Property and Project ("Assignment").

4.   As recited in the Assignment, the Debtor and the Defendant had entered into a limited liability partnership known as Crest Capital, LLP ("Partnership"). The Partnership acquired real property located at 13400 Pine Street, Largo, FL ("Property").

5.      Pursuant to paragraph 1 of the Assignment, the Debtor assigned to the Defendant all of the Debtor's right, title and interest in and to the Property and the Partnership.

6.      Pursuant to paragraph 2(a)-(d) of the Assignment, the Defendant accepted the Assignment from the Debtor and agreed to pay the Debtor the following: (a) upon execution of the Assignment, the sum of $50,000 cash; (b) upon the Defendant's sale of the Property to a third party, 20% of the net amount realized by the Defendant; (c) one-half of the rent accrual through date of this Agreement, if collected; and (d) the Defendant will cover $2,000 of the Debtor's attorneys' fees.

7.      On or about June 16, 2008, the Bankruptcy Court entered an Amended Order on the Trustee's Second Amended Motion to Compel Turnover of Property of the Estate and Request to Revoke Debtor's Discharge ("Bankruptcy Court Order").

8.      Paragraph 6 of the Bankruptcy Court Order sets forth, in pertinent part, that the Debtor must turnover to the Trustee one-half of the yearly rents due from Terra Excavation, in accordance with the Assignment. Furthermore, paragraph 6 of the Bankruptcy Court Order states that these rents are deemed property of the bankruptcy estate and not property of the Debtor.

9.      Furthermore, on or about September 10, 2008, the Bankruptcy Court entered an Order to Transfer Payment, directed to the Defendant to garnish

in favor of the Trustee and to pay to the Trustee directly, in care of her
attorneys, all monies due to the Debtor, pursuant to the Assignment.

10.    Thereafter, on September 23, 2008, the Trustee filed an Adversary
Proceeding Complaint against the Defendant, seeking injunctive relief.

11.    On December 22, 2008, the Defendant filed an Answer and Affirmative
Defenses to the Trustee's Adversary Proceeding Complaint, specifically
denying that any rent was or is due and challenging the notice, due
process, and enforceability of the Bankruptcy Court Order and Order to
Transfer Payment.

12.    On or about February 5, 2009, this Court entered an Order directing the
Trustee and the Defendant to attend mediation with respect to Adversary
Proceeding No. 8:08-ap-00459-KRM no later than March 13, 2009.

13.    The Parties mediated on February 27, 2009.

## SUMMARY OF THE COMPROMISE

14.    The Parties desire to avoid the costs and uncertainty associated with
continued litigation.

15.    The Parties have agreed to the following terms:

   a.    On or before April 17, 2009, the Defendant shall pay the Trustee in
certified funds the amount of $8,500.00 payable to Iurillo &
Associates, P.A., as counsel for the Trustee. In the event that this
payment is not made by the Defendant on or before April 17, 2009,
then any Order approving this Compromise shall be deemed
rescinded and vacated;

   b.    In the event, however, that the Trustee produces (at the Trustee's
sole discretion) admissible evidence that the rental income proof
submitted by the Defendant to the Trustee is less than $117,113.33
and/or that the Debtor is owed in excess of $10,000.00 as claimed
by the Trustee, pursuant to the Assignment attached as Exhibit "A"

to the Trustee's Adversary Proceeding Complaint, then any Order approving this Compromise shall be deemed rescinded and vacated.   If the Trustee fails for any reason to make a determination as to the rent actually paid, as set forth above, by April 17, 2009, then this condition shall have been deemed waived by the Trustee;

c. The Parties, their agents, employees, officers, directors, assigns, representatives, attorneys, and successors in interest, for and in consideration of the payment herein provided, and other valuable consideration received, do hereby remise, release, acquit, satisfy, and forever discharge each other of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which either may have against the other, ever had, now has, or which any personal representative, successor, heir or assignee of a party hereafter can, shall, or may have, against the other, by reason of any matter, cause or thing whatsoever, from the beginning of time to the date of the Compromise, February 27, 2009, including, but not limited to, those matters alleged between the Parties in the above-referenced adversary suit. The terms and conditions of the Compromise shall remain in full force and effect for all purposes, including for the purpose of enforcement of its terms and conditions; and

d. Nothing contained in the Compromise to the contrary prohibits the Defendant from filing a proof of claim in the above-referenced bankruptcy case or from any filed claim being objected to by the Trustee.

16. Each Party to this Compromise shall bear their own attorneys' fees and costs.

17. The Parties have negotiated this Compromise for the purpose of resolving all matters existing between them and to avoid further extensive litigation.

18. This Joint Motion to Approve Compromise of Controversy is conditioned upon the entry of a final, non-appealable Order entered in this bankruptcy case approving the Joint Motion to Approve Compromise of Controversy and all of its terms.

## APPLICABLE LAW

19.    The standard for consideration of a compromise proposed by a bankruptcy trustee under Fed R. Bankr. P. 9019 is governed by the U.S. Supreme Court's ruling in <u>Protective Committee of Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 (1968), in which the Court directed that a bankruptcy court considering such a motion should:

> "apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should from an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties in collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise."

20.    The Eleventh Circuit has directed, consistent with <u>TMT Trailer</u>, that a bankruptcy court considering a motion to compromise under Fed. R. Bankr. P. 9019 must consider:

a.    the probability of success of the litigation;
b.    the difficulties, if any, to be encountered in the matter of collection;
c.    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
d.    the paramount interest of creditors and a proper deference to their reasonable view in the premises.

<u>In re Justice Oaks II, Ltd.</u>, 898 F.2d 1544 (11th Cir. 1990)

21. The Court's responsibility is "to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *See e.g.* <u>In re Drexel Burnham Lambert Group, Inc.</u>,134 B.R. 493 (Bankr. S.D.N.Y. 1991) (*quoting* <u>In re W.T. Grant, Co</u>. 699 F. 2d 599, 608 (2d Cir.

1983), *cert. denied*, <u>Cosoff v. Rodman</u>, 464 U.S. 822 (1983)).  The Court can give weight to the trustee's informed judgment that a compromise is fair and equitable.  In addition, the Court can consider the competency and experience of counsel who support the settlement.  <u>Drexel</u>, *supra* at 496-8.

## **APPLICATION OF FACTORS**

22.  The cost of pursuing these matters in litigation is anticipated to be substantial and would further result in the significant expenditure of funds on the part of the Defendant and the Trustee.

23.  Taking into consideration the amount at issue, the costs, risks and delay associated with initiating litigation, this Compromise is in the best interest of the bankruptcy estate and the Parties.

24.  Based on the above-cited factors, the Parties believe that this Compromise represents a fair and equitable compromise.

WHEREFORE, the Parties, pursuant to Federal Rules of Bankruptcy Procedure 9019(a), respectfully request that this Court enter an Order Approving the Joint Motion to

Approve Compromise of Controversy and for such other and further relief as may be just and proper.

Respectfully submitted this 19th day of March, 2009.

**IURILLO & ASSOCIATES, P.A.**

/s/ Camille J. Iurillo

_____

Camille J. Iurillo, Esquire
Fla. Bar No. 902225
ciurillo@iurillolaw.com
Gina M. Pellegrino, Esquire
Fla. Bar No. 0022842
gpellegrino@iurillolaw.com
600 First Avenue North, Ste. 308
727-895-8050 telephone
727-895-8057 facsimile
Counsel for Trustee

**THADDEUS FREEMAN, PLLC**

/s/ Thaddeus Freeman

_____

Thaddeus Freeman, Esquire
Fla. Bar No. 0949299
8150 Cypress Garden Court
Largo, FL 33777
727-394-2000 telephone
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Joint Motion to Approve Compromise of Controversy has been furnished via electronic mail or U.S. Mail on this 19th day of March, 2009 to all parties listed on the attached mailing matrix.

IURILLO & ASSOCIATES, P.A.

/s/ Camille J. Iurillo

_____

Camille J. Iurillo, Esquire
Florida Bar No.: 902225
ciurillo@iurillolaw.com
Gina M. Pellegrino, Esquire
Florida Bar No.: 0022842
gpellegrino@iurillolaw.com
600 First Avenue North, Suite 308
St. Petersburg, Florida 33701
(727) 895-8050 telephone
(727) 895-8057 facsimile
Counsel for Trustee

Label Matrix for local noticing
113A-8
Case 8:07-bk-05406-KRM
Middle District of Florida
Tampa
Thu Mar 19 11:37:47 EDT 2009

Bay Area Auction Services, Inc
8010 U.S. Hwy 19 N
Pinellas Park, FL 33781-1743

Christiana Bank & Trust Company as Owner Tru
c/o Patti W. Halloran, Esq.
Gibbons, Neuman et al.
3321 Henderson Blvd.
Tampa, FL 33609-2921

Countrywide Home Loans, Inc.
c/o Natalie K. Curts
3185 S. Conway Rd. Suite E
Orlando, FL 32812-7315

Pinellas County
315 Court Street, 6th Floor
Clearwater, FL 33756-5165

Pinellas County Tax Collector
Attn: Betty A Gramley, Tax Manager
PO Box 2943
Clearwater, FL 33757-2943

Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

United States Trustee - TPA7 7
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

(p)W S BADCOCK
P O BOX 232
MULBERRY FL
33860-0232

United States Bankruptcy Court
Sam M. Gibbons United States Courthouse
801 North Florida Avenue, Suite 555
Tampa, FL 33602-3849

AmSouth Bank
1901 5th Ave., 8th Floor
Birmingham AL 35203

Anthony M. Jones
600 Cleveland Street
Suite 800
Clearwater, FL 33755-4153

B-Real, LLC
MS 550
PO Box 91121
Seattle, WA 98111-9221

Bank of the West
1450 Treat Blvd.
Walnut Creek CA 94597-7579

Boat Loan Financing
127 Public Square
Cleveland, OH 44114-1217

Brian Leung
201 N. Armenia Ave
Tampa, FL 33609-2303

Christiana Bank & Trust Company as
Owner Trustee of the Security National
c/o Patti W. Halloran, Esq
Gibbons, Neuman et al
3321 Henderson Blvd.
Tampa FL 33609-2921

Countrywide Home Loans
PO Box 961206
Fort Worth TX 76161-0206

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Flexline Dept
1901 5th Avenue, North
8th FL
Birmingham, AL  35203

George T. Farrell
1125 Second Avenue South
Tierra Verde, FL 33715-2251

Innovative Bank
Attn: S.A.D.
360 14th Street
Oakland, CA 94612-3200

Internal Revenue Service
3848 W. Columbus, Ste A
Tampa, FL 33607-5768

Internal Revenue Service
Attn Chief Insolvency
PO Box 21125
Philadelphia PA 19114-0325

Key Bank
127 Public Square
Cleveland, OH 44114-1217

Nikki Davidson
3848 W. Columbus, Ste A
Tampa, FL 33607-5768

Office of US Attorney
Attn Civil Process Clerk
400 North Tampa St Suite 3200
Tampa FL 33602-4774

Pat Milam
8225 Richmond Street
Gibsonton, FL 33534-5054

Pinellas County Economic Dev
600 Cleveland Street, Suite 800
Clearwater, FL 33755-4153

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

SOHO Dept
360 14th Street
Oakland, CA 94612-3200

Suntrust Bank
Attn. Support Services
P.O.Box 85092
Richmond,VA 23286-0001

Suntrust Bank
PO Box 27161
Richmond VA 23261-7161


Tierra Verde Community Assoc., Inc.
Attn: Nancy Aspesi, Admn Asst
c/o Arnold & Burguieres, Atty
1701 ML King St North
St Petersburg, FL 33704-4205

George T Farrell
235 Apollo Beach Blvd., #220
Apollo Beach, FL 33572-2251

James W. Sosnowski
11758 78th Terrace
Seminole, FL 33772-4048


Traci K. Stevenson
P O Box 86690
Madeira Beach, FL 33738-6690

Veatrice Farrell
1125 Second Avenue South
Tierra Verde, FL 33715-2251


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


W. S. Badcock Corporation
Post Office Box 232
Mulberry, FL 33860


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Suntrust Bank N. A.

(u)Tierra Verde Community Assoc., Inc.

(d)Pinellas County Tax Collector
Attn: Betty A Gramley, Tax Manager
PO Box 2943
Clearwater FL 33757-2943


End of Label Matrix
Mailable recipients    37
Bypassed recipients     3
Total                  40